## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW JERSEY

Pellettieri, Rabstein and Altman
l00 Nassau Park Blvd., Suite 111
Princeton, New Jersey  08543-530l
(609) 520-0900
Andrew L. Watson, Esquire (ALW1641)
Attorneys for Plaintiff LexisNexis, a
Division of Reed Elsevier Inc.

| | | |
|---|---|---|
| **LEXISNEXIS, a Division of REED ELSEVIER INC.** | * | CASE NO. _____ |
| 121 Chanlon Road | * | JUDGE _____ |
| New Providence, NJ 07974 | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | **COMPLAINT** |
| **MICHAEL M. WILSON d/b/a THE LAW OFFICES OF DR. MICHAEL M. WILSON, M.D., J.D.** | * | |
| 1120 19th Street, N.W. | * | |
| Suite LL-11 | * | |
| Washington, D.C. 20036, | * | |
| | * | |
| Defendant. | * | |

Plaintiff, LexisNexis, a Division of Reed Elsevier Inc. ("LexisNexis"), files the following

as its Complaint against Defendant, Michael M. Wilson d/b/a The Law Offices of Dr. Michael

M. Wilson, M.D., J.D. ("Wilson"):

### JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§1332, because there is complete diversity of citizenship between LexisNexis and Wilson and

because the amount in controversy exceeds $75,000, exclusive of interest and costs.

2.      Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a)(2) because

the contract at issue in this case provides for venue in any court in the state of New Jersey and

because a substantial part of the events giving rise to the claims herein occurred within this judicial district. Specifically, a substantial part of the negotiations and dealings between LexisNexis and Wilson occurred in LexisNexis's offices in New Providence, New Jersey.

3.        Wilson is subject to personal jurisdiction in this district by virtue of the forum selection clause in the applicable contracts and by virtue transacting, doing and soliciting business in this district.

## THE PARTIES

4.        LexisNexis is a Massachusetts corporation with its principal place of business in New York, New York.

5.        Wilson is a resident of Virginia doing business as The Law Offices of Michael M. Wilson, M.D., J.D in Washington, D.C.

## BACKGROUND

6.        LexisNexis offers a line of services known as the Martindale-Hubbell Products (the "MH Products"), which include website design and hosting, search engine optimization, social media marketing, pay per click marketing and screened legal leads, among other services.

7.        Martindale-Hubbell Products are sold and serviced through the LexisNexis office located in New Providence, New Jersey.

8.        In 2011 and 2012, Wilson executed a series of contracts for certain MH Products.

## THE CONTRACTS

### May 4, 2011 Agreement

9.        On or about May 4, 2011, Wilson executed a Martindale-Hubbell Products Agreement (the "First Contract") pursuant to which Wilson agreed to pay LexisNexis the sum of $11,069.00 per month for the first year and $3,069 per month for the second and third years for Martindale-Hubbell Internet Marketing Foundation Solutions services, including a Martindale-Hubbell Professional Profile, Cross Reference Profile, Martindale-Hubbell Connected-Standard,

Basic Call Tracking, and additional Website services.  A copy of the the First Contract is attached as Exhibit A.

10.     Pursuant to the First Contract, payments are due within 10 days from the receipt of the invoice and any amount not paid within 30 days of the date of the invoice is subject to a late payment charge of 15% per annum until the past due amount is paid.

11.     The First Contract also provides:

> You shall be liable for all costs of collection incurred by [LexisNexis], including without limitation, collection agency fees, reasonable attorneys' fees, and court costs, if you fail to comply with the payment obligations set forth herein.

First Contract, ¶2.1.

12.     The First Contract also incorporates terms that can be found at www.lexisnexis.com/terms/tps and www.lexisnexis.com/terms/tps/specificMHProductsV1.asp.

13.     Pursuant to the incorporated terms, New Jersey law governs the First Contract and Wilson "submit[ted] to personal and exclusive jurisdiction of the courts located within the State of New Jersey."

14.     Pursuant to the First Contract, a material breach by Wilson subjects it to an Early Cancellation Fee, in addition to unpaid invoices and other damages:

> If LN terminates this Agreement for Customer's breach, Customer shall pay the Early Cancellation Fee in addition to, and not instead of, any other remedies provided elsewhere in this Agreement, or by law for breach, including without limitation LN's right to seek injunctive relief and to sue for damages.

First Contract, ¶1.5.  The "Early Cancellation Fee" is "equal to 60% of the total remaining amounts due under [the First Contract] for the remainder of the then current term." First Contract, ¶1.5.

<u>December 6, 2011 Agreement</u>

15.     On or about December 6, 2011, Wilson executed a Martindale-Hubbell Products

Agreement (the "Second Contract") pursuant to which Wilson agreed to pay LexisNexis

$4,078.00 per month for the first year and $3,241.00 per month for the second and third years for

certain subscription services, including video hosting, call tracking, and web visibility.  A copy

of the Second Contract is attached as Exhibit B.

16.     Pursuant to the Second Contract, payments are due within 10 days from the

receipt of the invoice and any amount not paid within 30 days of the date of the invoice is subject

to a late payment charge of 15% per annum until the past due amount is paid.

17.     The Second Contract also provides:

> You shall be liable for all costs of collection incurred by
> [LexisNexis], including without limitation, collection agency fees,
> reasonable attorneys' fees, and court costs, if you fail to comply with the
> payment obligations set forth herein.

Second Contract, ¶2.1.

18.     The Second Contract also incorporates terms that can be found at

www.lexisnexis.com/terms/tps and www.lexisnexis.com/terms/tps/specificMHProductsV1.asp.

19.     Pursuant to the incorporated terms, New Jersey law governs the Second Contract

and Wilson "submit[ted] to personal and exclusive jurisdiction of the courts located within the

State of New Jersey."

20.     Pursuant to the Second Contract, a material breach by Wilson subjects it to an

Early Cancellation Fee, in addition to unpaid invoices and other damages:

> If LN terminates this Agreement for Customer's breach, Customer
> shall pay the Early Cancellation Fee in addition to, and not instead of, any
> other remedies provided elsewhere in this Agreement, or by law for
> breach, including without limitation LN's right to seek injunctive relief and
> to sue for damages.

Second Contract, ¶1.5. The "Early Cancellation Fee" is "equal to 60% of the total remaining amounts due under [the Second Contract] for the remainder of the then current term." Second Contract, ¶1.5.

### The April 6, 2012 Agreement

21.     On or about April 6, 2012, Wilson executed an Amendment to Martindale-Hubbell Products Agreement (the "Third Contract") pursuant to which he renewed and added certain pay per click services. A copy of the Third Contract is attached as Exhibit C. Pursuant to the Third Contract, Wilson agreed to pay LexisNexis the sum of $12,000.00 per month for the services.

22.     Pursuant to the Third Contract, payments are due within 10 days from the receipt of the invoice and any amount not paid within 30 days of the date of the invoice is subject to a late payment charge of 15% per annum until the past due amount is paid.

23.     The Third Contract also provides:

> You shall be liable for all costs of collection incurred by [LexisNexis], including without limitation, collection agency fees, reasonable attorneys' fees, and court costs, if you fail to comply with the payment obligations set forth herein.

Third Contract, ¶2.1.

24.     The Third Contract also incorporates terms that can be found at www.lexisnexis.com/terms/tps and www.lexisnexis.com/terms/tps/specificMHProductsV1.asp.

25.     Pursuant to the incorporated terms, New Jersey law governs the Third Contract and Wilson "submit[ted] to personal and exclusive jurisdiction of the courts located within the State of New Jersey."

26.     Pursuant to the Third Contract, a material breach by Wilson subjects it to an Early Cancellation Fee, in addition to unpaid invoices and other damages:

> If LN terminates this Agreement for Customer's breach, Customer shall pay the Early Cancellation Fee in addition to, and not instead of, any

> other remedies provided elsewhere in this Agreement, or by law for
> breach, including without limitation LN's right to seek injunctive relief and
> to sue for damages.

Third Contract, ¶1.5.  The "Early Cancellation Fee" is "equal to 60% of the total remaining

amounts due under [the Third Contract] for the remainder of the then current term."  Third

Contract, ¶1.5.

### The July 25, 2012 Agreement

27.     On or about July 25, 2012, Wilson executed an Amendment to Martindale-

Hubbell Products Agreement (the "Fourth Contract") (collectively, with the First, Second and

Third Contract, the "Contracts") pursuant to which Wilson agreed to pay LexisNexis $15,000.00

per month for certain pay-per-click services.  A copy of the Fourth Contract is attached as

Exhibit D.

28.     Pursuant to the Fourth Contract, payments are due within 10 days from the receipt

of the invoice and any amount not paid within 30 days of the date of the invoice is subject to a

late payment charge of 15% per annum until the past due amount is paid.

29.     The Fourth Contract also provides:

> You shall be liable for all costs of collection incurred by
> [LexisNexis], including without limitation, collection agency fees,
> reasonable attorneys' fees, and court costs, if you fail to comply with the
> payment obligations set forth herein.

Fourth Contract, ¶2.1.

30.     The Fourth Contract also incorporates terms that can be found at

www.lexisnexis.com/terms/tps and www.lexisnexis.com/terms/tps/specificMHProductsV1.asp.

31.     Pursuant to the incorporated terms, New Jersey law governs the Fourth Contract

and Wilson "submit[ted] to personal and exclusive jurisdiction of the courts located within the

State of New Jersey."

32.     Pursuant to the Fourth Contract, a material breach by Wlson subjects it to an

Early Cancellation Fee, in addition to unpaid invoices and other damages:

> If LN terminates this Agreement for Customer's breach, Customer
> shall pay the Early Cancellation Fee in addition to, and not instead of, any
> other remedies provided elsewhere in this Agreement, or by law for
> breach, including without limitation LN's right to seek injunctive relief and
> to sue for damages.

Fourth Contract, ¶1.5.  The "Early Cancellation Fee" is "equal to 60% of the total remaining

amounts due under [the Fourth Contract] for the remainder of the then current term." Fourth

Contract, ¶1.5.

### Breach by Wilson

33.     Pursuant to the Contracts, on April 30, 2012, LexisNexis sent Wilson Invoice No.

1204425769 in the amount of $26,073.16.  A copy of Invoice No. 1204425769 is attached as

Exhibit E.  Payment for Invoice No. 1204425769 was due on June 1, 2012.

34.     Wilson has not paid Invoice No. 1204425769.

35.     Pursuant to the Contracts, on May 31, 2012, LexisNexis sent Wilson Invoice No.

1205425023 in the amount of $38,818.07 (which includes the past due amount, plus new charges

in the amount of $12,744.91).  A copy of Invoice No. 1204425769 is attached as Exhibit F.

Payment for Invoice No. 1205425023 was due on July 1, 2012.

36.     Wilson has not paid Invoice No. 1205425023 in full.

37.     Pursuant to the Contracts, on June 30, 2012, LexisNexis sent Wilson Invoice No.

1206424332 in the amount of $42,526.40 (which includes the past due amount, plus new charges

in the amount of $16,744.91 and a credit for a payment received in the amount of $13,036.58).

A copy of Invoice No. 1206424332 is attached as Exhibit G.  Payment for Invoice No.

1206424332 was due on August 1, 2012.

38.     Wilson has not paid Invoice No. 1206424332.

39.     Pursuant to the Contracts, on July 31, 2012, LexisNexis sent Wilson Invoice No. 1207423968 in the amount of $59,271.31 (which includes the past due amount, plus new charges in the amount of $16,744.91).  A copy of Invoice No. 1207423968 is attached as Exhibit H. Payment for Invoice No. 1207423968 was due on September 1, 2012.

40.     Wilson has not paid Invoice No. 1207423968.

41.     Pursuant to the Contracts, on August 31, 2012, LexisNexis sent Wilson Invoice No. 1208423011 in the amount of $71,016.22 (which includes the past due amount, plus new charges in the amount of $16,744.91).  A copy of Invoice No. 1208423011 is attached as Exhibit I.  Payment for Invoice No. 1208423011 was due on October 1, 2012.

42.     Wilson has not paid Invoice No. 1208423011 in full.

43.     Pursuant to the Contracts, on September 30, 2012, LexisNexis sent Wilson Invoice No. 1209422050 in the amount of $102,761.13 (which includes the remaining past due amount, plus new charges in the amount of $31,744.91 and a credit for payment received in the amount of $5,000.00).  A copy of Invoice No. 1209422050 is attached as Exhibit J.  Payment for Invoice No. 1209422050 was due on November 1, 2012.

44.     Wilson has not paid Invoice No. 1209422050 in full.

45.     Pursuant to the Contracts, on October 31, 2012, LexisNexis sent Wilson Invoice No. 1210421420 in the amount of $113,584.04 (which includes the remaining past due amount, plus new charges in the amount of $16,822.91 and a credit for payment received in the amount of $6,000.00).  A copy of Invoice No. 1210421420 is attached as Exhibit K.  Payment for Invoice No. 1210421420 was due on December 1, 2012.

46.     Wilson has not paid Invoice No. 1210421420.

47.     Pursuant to the Contracts, on November 30, 2012, LexisNexis sent Wilson Invoice No. 1211420791 in the amount of $128,654.45 (which includes the remaining past due

amount, plus new charges in the amount of $15,070.41).  A copy of Invoice No. 1211420791 is

attached as Exhibit L.  Payment for Invoice No. 1211420791 was due on January 1, 2013.

48.     Wilson has not paid Invoice No. 1211420791.

49.     Wilson owes LexisNexis the total sum of $128,654.45 on the outstanding

invoices.  A copy of the Statement of Account showing a break down of the amounts owed under

each invoice is attached as Exhibit M.

**50.**     LexisNexis has done all that it is required to do under the Contracts.

### FIRST CLAIM FOR RELIEF
(Breach of Contract)

51.     LexisNexis incorporates the allegations of ¶¶ 1 through 50, inclusive, as if fully

rewritten herein.

52.     More than thirty (30) days have passed from the date of each of the Invoices set

forth above and Wilson has failed to timely pay those Invoices in full.

53.     Wilson has materially breached its obligations under its agreements with

LexisNexis by failing to timely pay the invoiced amounts.

54.     As a result of Wilson's material breach, as of June 1, 2012, Wilson owes

LexisNexis the sum of $13,036.68 on Invoice No. 1204425769, plus interest accruing at fifteen

percent (15%) per annum thereafter until paid, costs and attorney's fees.

55.     As a result of Wilson's material breach, as of July 1, 2012, Wilson owes

LexisNexis $12,744.91 on Invoice No. 1205425023, plus additional interest accruing at fifteen

percent (15%) per annum thereafter until paid, costs and attorney's fees.

56.     As a result of Wilson's material breach, August 1, 2012, Wilson owes LexisNexis

$16,744.91 on Invoice No. 1206424332, plus additional interest accruing at fifteen percent

(15%) per annum thereafter until paid, costs and attorney's fees.

57.     As a result of Wilson's material breach, as of September 1, 2012, Wilson owes LexisNexis $11,744.91 on Invoice No. 1207423968, plus additional interest accruing at fifteen percent (15  ) per annum thereafter until paid, costs and attorney's fees.

58.     As a result of Wilson's material breach, as of October 1, 2012, Wilson owes LexisNexis $16,744.91 on Invoice No. 1208423011, plus additional interest accruing at fifteen percent (15  ) per annum thereafter until paid, costs and attorney's fees.

59.     As a result of Wilson's material breach, as of November 1, 2012, Wilson owes LexisNexis $25,744.91 on Invoice No. 1209422050, plus additional interest accruing at fifteen percent (15  ) per annum thereafter until paid, costs and attorney's fees.

60.     As a result of Wilson's material breach, as of December 1, 2012, Wilson owes LexisNexis $16,822.91 on Invoice No. 1210421420, plus additional interest accruing at fifteen percent (15  ) per annum thereafter until paid, costs and attorney's fees.

**61.**     As a result of Wilson's material breach, as of January 1, 2013, Wilson owes LexisNexis $15,070.41 on Invoice No. 1211420791, plus additional interest accruing at fifteen percent (15  ) per annum thereafter until paid, costs and attorney's fees.

### SECOND CLAIM FOR RELIEF
(Alternative Claim — Unjust Enrichment)

62.     LexisNexis incorporates the allegations of ¶¶ 1 through 61, inclusive, as if fully rewritten herein.

63.     LexisNexis conferred a benefit upon Wilson by performing its obligations under the Contracts and by providing services to Wilson.

64.     The reasonable value of the benefit LexisNexis conferred on Wilson that remains unpaid is the sum of $128,654.45.

65.     Wilson retained the benefit which LexisNexis has conferred.

66.    Under the circumstances, it would be unjust and inequitable for Wilson to retain the value of such benefit without fully paying for it.

67.    As a result, only in the alternative to its claim for breach of contract, Wilson owes LexisNexis the sum of $128,654.45, plus interest at the statutory rate after each of the invoice dates.

**WHEREFORE**, Plaintiff, LexisNexis, a Division of Reed Elsevier, Inc., demands judgment in its favor and against Defendant, Michael M. Wilson d/b/a The Law Offices of Michael M. Wilson, M.D., J.D., as follows:

1.    On its First Claim for Relief, in the amount of $128,654.45, plus interest at the rate of fifteen percent (15%) per annum, costs and attorney's fees;

2.    On its Second Claim for Relief, in the alternative, in the amount of $128,654.45, plus interest; and

3.    For such other and further relief as this Court finds just and equitable.

PELLETTIERI, RABSTEIN AND ALTMAN
Attorneys for Plaintiff,
LexisNexis, a Division of Reed Elsevier Inc.

By: _____
    ANDREW L. WATSON

DATED:  8/9/13

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of R. 4:25-4, the Court is advised that Andrew L. Watson, Esquire, is hereby designated as trial counsel.

## CERTIFICATION OF ENTIRE CONTROVERSY

It is hereby certified pursuant to <u>R.</u> 4:5-1, that the matter in controversy herein is not the subject of any other action pending in any court or of a pending arbitration proceeding and no such action or arbitration proceeding is contemplated.

PELLETTIERI, RABSTEIN AND ALTMAN
Attorneys for Plaintiff,
LexisNexis, a Division of Reed Elsevier Inc.

By: _____
ANDREW L. WATSON

DATED: 8/9/13